United States District Court
Southern District of Texas
**ENTERED**
November 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 5:18-CR-482 |
| | § |
| SAMUEL GONZALEZ | § |

## REPORT AND RECOMMENDATION

*Pending before the Court is Defendant Samuel Gonzalez's Motion to Suppress Evidence* ("Motion") that argues (1) the good-faith exception does not apply to this matter because the Government made material omissions or misstatements in its warrant application; (2) probable cause did not exist to support the issuance of the search warrant; and (3) probable cause, if it existed, was stale at the time of the execution of the warrant. (Dkt. No. 22). The Government opposes the Motion. (Dkt. No. 30). The Magistrate Judge has considered Defendant's Motion, the Government's Opposition, the Search Warrant Affidavit ("Affidavit"), and relevant legal authority. For the reasons stated herein, the Magistrate Judge recommends the District Court **DENY** Defendant's Motion.

Further, the Magistrate Judge held a Suppression Hearing on October 22, 2018, in which the parties presented additional evidence and argument and HSI Special Agent Jeffrey Williams, the affiant of the search warrant application, testified. Following the Hearing and consideration of the evidence and argument presented, the Magistrate Judge maintains the recommendation that the District Court **DENY** Defendant's Motion.

### I. Factual Findings

On July 3, 2018, Defendant Samuel Gonzalez was indicted for receipt, possession, and distribution of child pornography. (Dkt. No. 17 at 2–3). Although the Parties presented evidence

in the pleadings and at the Hearing, the following initial factual findings are limited to information present in the Affidavit in Support of an Application under Rule 41 for a Warrant to Search and Seize, which is attached to and incorporated in Defendant's Motion. (Dkt. No. 22.)[1] Thus, the Magistrate Judge only initially considered information presented to Magistrate Judge Diana Song Quiroga when she approved the search warrant application on May 31, 2018.

On March 1, 2018, between 4:22 p.m. and 8:59 p.m., a detective with the Webb County Sheriff's Office successfully downloaded a video file from IP address 24.170.59.183, titled CaseyAbduction.jpg, with a unique infohash value and properties consistent with child pornography. (Affidavit at ¶ 15.) A Webb County Detective conducted a query of the IP address through the American Registry for Internet Numbers on March 5, 2018, and found it was registered to Time Warner Cable LLC/Charter Communications. (*Id.* at ¶ 16.) A subpoena to Charter Communications revealed the subscriber of the account was Felipa Gonzalez and the account's physical location was 1704 Starmount Court in Laredo, Texas. (*Id.*)

On March 3, 2018, Homeland Security Investigations (HSI) Special Agents initiated an unrelated undercover investigation into a BitTorrent peer-to-peer network at IP address 24.170.59.183. (*Id.* at ¶ 13.) During the investigation, HSI Laredo successfully downloaded the majority of the same 46-minute video file with the same infohash value from the same IP address as the investigation by the Webb County Sheriff's Office. (*Id.* at ¶¶ 13–15.) On March 19, 2018, both agencies became aware that each had successfully downloaded the video file containing child pornography from the same target IP address. (*Id.* at ¶ 15.)

---

[1] At the Hearing on October 22, 2018, before the Magistrate Judge, Defendant did not contest any of the particularized facts contained in the Affidavit. (Hr'g at 2:39.) Defendant did contest that statements contained in the Affidavit related to the propensity of child pornographers to hoard and/or collect illicit materials were applicable to this matter. (Hr'g at 2:42.)

Individuals with interest in child pornography have a propensity to create collections of pornographic images and videos in their private residence. (*Id.* at ¶ 19.) Between March 21, 2018 and May 15, 2018, HSI Laredo Special Agents and task force officers conducted surveillance at various dates and times in an attempt to identify the occupants and residents of 1704 Starmount Court in Laredo, Texas. (*Id.* at ¶ 18.) Law enforcement noted vehicle descriptors, license plate numbers, and registrants of each vehicle. (*Id.* at ¶ 18.) Presented with the Affidavit and a search warrant application, Magistrate Judge Song Quiroga issued a search warrant on May 31, 2018. (Dkt. No. 30 at 5.) Agents executed the search warrant at 1704 Starmount Court on June 4, 2018. (*Id.*) The search warrant resulted in the discovery of data files containing child pornography, the recording of an oral statement by the Defendant, and the arrest of the Defendant. (Dkt. No. 22 at 4.) Defendant moves to suppress this evidence and its derivatives. (*Id.* at 29.)

## II.  Legal Standard

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. amend IV. When the government conducts a search pursuant to a warrant, the defendant "bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005). A remedy for a violation of the Fourth Amendment is the court-fashioned exclusionary rule that requires suppressing evidence obtained as a result of the violation. *United States v. Leon*, 468 U.S. 897, 906, 104 S. Ct. 3405, 3412, 82 L.Ed.2d 677 (1984).

A motion to suppress a warrant is reviewed in a two-part analysis. First, the court determines whether the evidence at issue was obtained by law enforcement officials acting in

"objectively reasonable good-faith reliance upon a search warrant." *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). The good-faith exception provides that "[i]f an officer's 'reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues [is] objectively reasonable,' a court need not suppress the fruits." *United States v. Flanders*, 468 F.3d 269, 271 n.2 (5th Cir. 2006) (quoting *Leon*, 468 U.S. at 922).

The good-faith exception applies, and the challenged evidence need not be suppressed, whenever government agents could have reasonably relied on the warrant issued by a magistrate.[2] *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). Courts generally presume that officers executing search warrants do so with reasonable objectivity. *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006) (endorsing a district court's statement that only in "exceptional circumstances" does the good-faith exception not apply to the execution of a warrant). However, there are exceptions: (1) when a warrant is issued in reliance upon a deliberately false affidavit; (2) when the magistrate abandons a neutral, detached judicial role; (3) when the warrant is based on an affidavit so lacking in indicia of probable cause as to render an officer's belief in it unreasonable; or (4) when the warrant fails to identify a particular place to be searched or items to be seized. *Id.* at 916–17 (citing *Leon*, 468 U.S. at 914).

When the good-faith exception does not apply, the Court must determine if there is a substantial basis for finding probable cause. *Leon*, 468 U.S. at 914. Probable cause exists where there are "reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits,

---

[2] The good-faith exception analysis does not involve an "expedition into the minds of" government agents to ascertain their subjective beliefs about the warrant's validity; rather, the analysis is "confined to the objectively ascertainable question whether a reasonably well trained [agent] would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23.

instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S. Ct. 2317 (1983)). The supporting affidavit must show "a nexus between the items to be seized and the criminal activity investigated." *Id.* (citing *Warden v. Hayden*, 387 U.S. 294, 302, 307, 87 S. Ct. 1642 (1967)).

Though a magistrate's determination is afforded great deference, a warrant is deficient when the affidavit does not "provide the magistrate with a substantial basis for determining the existence of probable cause." *Leon*, 468 U.S. at 914–15 (citation omitted). However,

> [t]he affidavit need not contain information providing certainty that the objects sought will be found as a result of the search. It is only necessary that the facts and circumstances described in the affidavit would warrant a man of reasonable caution to believe that the articles sought were located at the place where it was proposed to search.

*United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982) (internal quotation marks and citation omitted).

### III.  Analysis of the Issuance and Good-Faith Execution of the Warrant

Defendant's Motion argues for suppression of evidence (and any derivatives) collected pursuant to the search warrant because (1) the good-faith exception does not apply due to material omissions or misstatements in the warrant application, (2) probable cause did not exist to support the warrant, and (3) even if probable cause existed, it was stale at the time of the execution of the warrant. Based on the uncontested facts in the four-corners of the Affidavit, the arguments set forth in the pleadings, and relevant case law, each argument fails.

#### A. Law enforcement executed the warrant in good faith.

When the good-faith exception to the exclusionary rule applies, the court need not decide whether probable cause supported the warrant. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). "When a warrant is supported by more than a 'bare bones' affidavit, officers

may rely in good faith on the warrant's validity." *Id.* at 321 (citations omitted). "'Bare bones' affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id.* "Generally, examples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *Pope*, 467 F.3d at 920 (footnote omitted).

Defendant argues that the good-faith exception does not apply because Agent Williams' Affidavit contained intentional or reckless material omissions and lacked any indicia of probable cause. (Dkt. No. 22 at 21–22.) Neither contention is supported by the record.

First, omissions claimed by Defendant include the following:

(1) Using generic descriptions of investigatory methods but failing to comprehensively describe the method used to download the file in this particular case. (*Id.* at 22–23.)

(2) Failing to state whether the IP address was the sole source of the downloaded material. (*Id.* at 23.)

(3) Failing to state whether the investigative software was automated. (*Id.*)

(4) Failing to state whether the investigative software had been used successfully in prior cases. (*Id.* at 24.)

Beyond these purported omissions, Defendant asserts that officers lacked a good-faith basis to execute the warrant because two downloads of a single file with a name not directly linked to child pornography could not justify probable cause and a search. (Hr'g at 3:06, 4:25.)

As a threshold matter, the good-faith exception applies as the Affidavit was not "bare bones." *Satterwhite*, 980 F.2d at 321. The Affidavit contained detailed information specific to this investigation including the target IP address, the municipal address associated with the IP

address, the search method employed by HSI, the qualifications of the investigating officer, the findings of a second, independent investigation, and a description of the file obtained in the initial sweep. Rather than a "bare bones" affidavit lacking indicia of reliability, the Affidavit was particularized to the criminal activities suspected and provided law enforcement with a credible belief that contraband would be on the premises. Further, had the Affidavit contained the information that Defendant believes was improperly omitted, it would have strengthened both the officers' good-faith basis to execute the reliance and the probable cause in support of it.

None of the four *Leon* factors have been met here. First, Defendant cannot point to, nor does the Magistrate Judge note, any actual omissions or misleading statements of substance. Second, the Magistrate Judge did not wholly abandon her fair and impartial judicial role. Third, the search warrant was supported by a detailed and thorough Affidavit providing factual and technical support for her probable cause determination. Lastly, Agent Williams described how the pornographic material was obtained, detailed its contents, connected the IP address to the physical location, and confirmed the presence of users at the location with surveillance. As such, the Affidavit was neither lacking in indicia of probable cause nor facially deficient. The executing officers had a good-faith basis to act on the search warrant approved by Magistrate Judge Song Quiroga.

### B. Probable cause was sufficient to support the search warrant application.

Defendant further argues that the Government lacked probable cause to obtain the search warrant because (1) the download of a single file of child pornography was too minimal, (2) the investigative software used by the government was unreliable, and (3) the Government did not corroborate that the IP account holder, Felipa Gonzalez, resided at the target address. (Dkt. No. 22 at 6–7.) Each argument is unpersuasive.

### i. Possession and distribution of a single file can support the finding of probable cause.

Possession and distribution of a single video of child pornography may be sufficient to establish probable cause in support of an application for a search warrant. *United States v. Perez*, 484 F.3d 735, 740–41 (5th Cir. 2007). In *Perez*, the Fifth Circuit found that a single transmission of child pornography, coupled with the likelihood of individuals involved in this activity to retain libraries of material, supported the belief "that physical evidence of violations of the child pornography laws would be located at [the physical location connected to the IP address]." *Id.* The transmission of the material from an IP address associated with a physical location led the court to believe that that location was likely to have evidence. *Id.* In the instant matter, two law enforcement agencies, operating independently and without each other's knowledge, downloaded the video in question two days apart indicating that an individual at the target location obtained, possessed, and then distributed pornographic images of a child. Coupling these investigations with the propensity of individuals involved with child pornography to amass significant collections of child pornography supports a finding of probable cause to issue the search warrant at the target location.

Defendant's countervailing argument fails because his reliance on *United States v. Raymonda*, 780 F. 3d 105 (2d Cir. 2015), is misplaced. In *Raymonda*, the Second Circuit found that possession of a single image was insufficient to establish that an individual is a hoarder of pornographic material and support a finding of probable cause. *Id.* at 121. There, IP logs indicated that the IP address at issue only *accessed* the pornographic images without any indication of additional action, such as distribution. *Id.* at 110. The *Raymonda* court could not determine whether the possessor accessed those files willfully and deliberately without any activity beyond access. *Id.* at 115. Without a presumption of collection, there was no probable

cause to believe the target of the investigation possessed a collection of child pornography that could be discovered pursuant to a warrant. *Id.*

This matter is readily distinguished from *Raymonda*. Here, activity at the IP address at Defendant's residence on March 1 and March 3 evidenced possession **plus** distribution of pornographic material. (Affidavit at ¶¶ 13–17.) Deliberate measures taken by the user to obtain illicit material via the peer-to-peer network and then share it with others indicated intent to obtain and distribute this particular file. Such calculated actions—which go beyond simply accessing illicit material—suggest a tendency to collect child pornography and justify a finding of probable cause. The court in *Raymonda* acknowledges how this factual predicate—possession plus action—supports the likelihood that an individual is a hoarder of child pornography. *Raymonda*, 780 F. 3d at 115 ("In certain circumstances, courts have even inferred that a suspect was a hoarder of child pornography on the basis of a single incident of possession or receipt. . . . [T]hey have done so where the defendant, having accessed a single file of child pornography, subsequently redistributed that file to other users.") (citations omitted). Accordingly, obtaining, possessing, and distributing a single file on two separate occasions is sufficient to establish probable cause.

### ii. HSI's investigative methods were reliable.

As to the investigatory methods undertaken by the Government through peer-to-peer software, the Affidavit provides sufficient "facts and circumstances" to "warrant a man of reasonable caution to believe that the articles sought were located at the place where it was proposed to search." *Freeman*, 685 F.2d at 949. "Probable cause does not require proof beyond a reasonable doubt." *Perez*, 484 F.3d at 740. *See also United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010) ("A magistrate needs only a substantial basis for concluding that a search would

uncover evidence of wrongdoing."). An affidavit "need not contain information providing certainty that the objects sought will be found as a result of the search." *United States v. Scott*, 555 F.2d 522, 527 (5th Cir. 1977).

The Affidavit was sufficient to permit an impartial magistrate judge to conclude that a search would uncover evidence of crime. *Perez*, 484 F.3d at 740. The Affidavit details the following:

(1) Law enforcement's use of investigative software. (Affidavit at ¶ 13.)

(2) The infohash value that indicated that the video contained child pornography. (*Id.* at ¶¶ 13, 15, and 17.)

(3) The use of torrents, peer-to-peer networks, and BitTorrent software. (*Id.* at ¶¶ 13, 47–50, 52, and 53.)

(4) Agent Williams' experience in child pornography investigations. (*Id.* at ¶¶ 1–2.)

(5) The tendencies of viewers, possessors, distributors, and recipients of child pornography to amass collections of child pornography. (*Id.* at ¶ 19.)

Defendant contends this lacks necessary details regarding (1) how peer-to-peer networks were utilized in this case, (2) how the investigation started, (3) whether the investigative software was automated, and (4) whether the software was successful in prior investigations. (Dkt. No. 22 at 23–24.) Such specificity is not necessary. Requiring this additional information exceeds the threshold to establish a "substantial basis for concluding that a search would uncover evidence of wrongdoing." *Allen*, 625 F.3d at 835. Similar to the good-faith exception analysis herein, these omissions would only bolster the reliability of the Affidavit. Indeed, the Affidavit was sufficient to support a probable cause determination that a search of the target location would uncover evidence of the suspected crimes.

### iii. The warrant was properly particularized to the location of the search.

The search warrant authorized a search of the property located at 1704 Starmount Court in Laredo, Texas. Search warrants issued for the search of a property do not require elaborate specificity; a description "such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended," will suffice. *United States v. Alva*, 885 F.2d 250, 252 (5th Cir. 1989) (quoting *Steele v. United States*, 267 U.S. 498, 503 (1925)). Probable cause to search a location exists when a supporting affidavit contains "information showing a 'fair probability' that evidence of a crime would be found there." *United States v. Grant*, 218 F.3d 72, 75 (1st Cir. 2000) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In application, the Fifth Circuit in *Perez* found probable cause upon a showing that an IP address connected to a physical location had been used to download child pornography. *Perez*, 484 F.3d at 740–41 (discussing *Grant*, 218 F.3d at 75).

Defendant argues that the warrant application was deficient because law enforcement failed to confirm that Ms. Gonzalez resided at 1704 Starmount Court. (Dkt. No. 22 at 10–11.) While the Affidavit states that law enforcement confirmed that she was the account holder and that the account was registered to that address, it does not state whether law enforcement confirmed her residence at this address. Without this corroboration, Defendant contends that probable cause does not exist to obtain the warrant to search the premises. Further, Agent Williams did attest to the presence of three male occupants of the property based on vehicles observed at the location, but not the IP account holder, Felipa Gonzalez. (Affidavit at ¶ 18.)[3] Despite surveillance of the property, law enforcement could only attest that a pornographic video had been downloaded and distributed from the IP address tethered to 1704 Starmount Court, but

---

[3] There are two paragraph 18's in the Affidavit. This citation is to the second one.

not who actually did it.

But Defendant's argument incorrectly focuses on the account holder, Felipa Gonzalez, rather than the location to be searched. The suspicion of illegal activity—the download and distribution of the video file—was particularized to the Starmount address, not Felipa Gonzalez. Although Ms. Gonzalez was the account holder for the IP address, the critical factor supporting a finding of probable cause to search this particular home was registration of the IP address to 1704 Starmount Court. *Perez*, 484 F.3d at 740–41. Further observation of the location only yielded more probable cause when law enforcement identified three individuals and their vehicles, all with the last name Gonzalez, at the target location. (Affidavit at ¶ 19.) A search of public records determining that Felipa Gonzalez resided at the home would strengthen the Affidavit, but it was not necessary as an affidavit need not contain such specificity. *Alva*, 885 F.2d at 252. Accordingly, probable cause existed.

### C. The probable cause was not stale at the time of the execution of the warrant.

Defendant argues probable cause was stale due to (1) the three-month delay between the discovery of the pornographic material and (2) the departure of Emmanuel Gonzalez on the day of the warrant execution. Neither of these rendered the probable cause stale. "The amount of delay which will make information stale depends upon the particular facts of the case, including the nature of the criminal activity and the type of evidence sought." *Allen*, 625 F.3d at 842 (5th Cir. 2010) (gathering child pornography cases regarding staleness in child pornography cases). Courts should consider whether pornographic images would still be at the location sought to be searched by the time the warrant is issue. *Id.* at 842–43 (holding that eighteen-month-old information was not stale). "Given the complex nature of child pornography investigations, the evidence may take several months or years to accrue, and that evidence may consist of bits and

pieces from camouflaged sources." *United States v. Blyshak*, No. CR H-18-198, 2018 WL 3729576 at *4 (S.D. Tex. Oct. 21, 2015) (holding that it is reasonable to expect a person to keep digital files and media for at least a few months) (citation omitted). *See also United States v. Jarman*, 847 F.3d 259, 267 (5th Cir. 2017) (citation and quotation omitted) ("'[N]umerous cases hold that a delay of several months' or even years between the seizure of electronic evidence and the completion of the government's review of [it] . . . is reasonable and does not render the warrant stale, especially in child-pornography cases.").

The nature of the criminal activity suspected here—the collection, retention, and distribution of child pornography in a digital format—guides the analysis as to whether the information was stale when law enforcement executed this warrant. In these cases, courts have found that information far older than in this matter established probable cause. *See, e.g., Allen*, 625 F.3d at 842–43. Further, law enforcement did not sit on the information, but properly continued to investigate the physical address associated with the IP address to gather additional information. *Blyshak*, 2018 WL 3729576 at *4. The additional information gleaned from other law enforcement and surveillance of the target strengthened the probable cause supporting the search warrant. Lastly, the digital medium of the pornography made it more likely that the material sought in the search warrant would actually be present at the time of the execution, even if the inciting incident was three months prior. *See generally Allen*, 625 F.3d at 842–43; *Blyshak*, 2018 WL 3729576 at *2–4. Courts allow law enforcement months to investigate crimes involving child pornography. The same is appropriate here.

Further, the departure of Emmanuel Gonzalez from the residence prior to the execution of the warrant did not extinguish probable cause. Even with the "new information" that Mr. Gonzalez left 1704 Starmount Court, there was still a fair probability that the material sought in

the search warrant was still present at the property. The routine departure of a resident of the home did not sever probable cause as the probable cause was not towards a given individual, but the location itself. Though digital storage devices are small and portable, Defendant's theory that probable cause was extinguished requires the Magistrate Judge to find that a collector of child pornography would depart with his entire collection every time he leaves the home. The Magistrate Judge does not make such a finding. The departure of one of the three individuals who maintained a vehicle at the property did not cast doubt on the continued existence of probable cause. *Perez*, 484 F.3d at 743.

### IV. *Franks v. Delaware* Hearing

Defendant contends he is entitled to a *Franks* Hearing claiming that material omissions or misstatements in the Affidavit misled Magistrate Judge Song Quiroga when she issued the search warrant. A defendant is entitled to a *Franks* Hearing upon "a strong preliminary showing that the affiant excluded critical information from the affidavit with the intent to mislead the magistrate." *United States v. Arispe*, 328 F. App'x 905, 907 (5th Cir. 2009). Defendant did not meet this threshold, thus the Magistrate Judge stated that a *Franks* Hearing was not necessary during the Hearing. (Hr'g at 2:36.) However, the Hearing effectively served as a *Franks* Hearing as both Parties were afforded the opportunity to present evidence, testimony by Agent Williams, and argument on whether false statements or omissions were contained in the affidavit. *United States v. Ortega*, 854 F.3d 818, 825 n.8 (5th Cir. 2017).

In *Franks v. Delaware*, the Supreme Court set out legal principles governing how courts address allegations of false statements in warrant affidavits:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment

> requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Pursuant to *Franks*, "a search warrant must be voided if the defendant shows by a preponderance of the evidence that the affidavit supporting the warrant contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the affidavit's remaining content is insufficient to establish probable cause." *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017). This test effectively consists of three questions, all of which must be met:

1. Does the affidavit contain a false statement?
2. Was the false statement made intentionally or with reckless disregard for the truth?
3. If the false statement is excised, does the remaining content in the affidavit fail to establish probable cause?

*Id.* (citations omitted).

Under a *Franks* analysis, material omissions are treated essentially similar to claims of material misstatements. *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980). "An omission may amount to improper government conduct only if the omission is material and the defendant shows that the affiant excluded material information 'with the intent to mislead the magistrate.'" *United States v. Torres*, 694 F. App'x 937, 944 (5th Cir. 2017), *cert. denied sub nom. Tapia v. United States*, 138 S. Ct. 341, 199 L. Ed. 2d 227 (2017) (citing *United States v. Tomblin*, 46 F.3d 1369, 1377 (5th Cir. 1995)).

The omissions identified by Defendant in either the Motion or at the Hearing were neither

material nor intended to mislead Magistrate Judge Song Quiroga. Of the omissions identified, Defendant particularly focused on the following issues at the Hearing:

1. Felipa Gonzalez was identified as the IP account holder in the Affidavit, but it did not state whether she resided at 1704 Starmount Court. (Hr'g at 2:38, 3:42.
2. Agent Williams did not determine whether the download was a mistake. (Hr'g at 3:43.) He did not know whether the user viewed the file or knew what it contained. (Hr'g at 4:02.)
3. After March 3, 2018, but before presenting the Affidavit to Magistrate Judge Song Quiroga on May 31, 2018, the Government did not discover or download any additional contraband at the IP address. (Hr'g at 2:40, 3:43.)
4. The Affidavit did not contain any specific facts proving that the user was, in fact, a collector or hoarder of child pornography. (Hr'g at 2:41, 3:22, 3:53.)
5. The BitTorrent software possessed by the user automatically configures to share files, so the distribution of the contraband was not knowing by the user. (Hr'g at 3:34, 3:37.)

Additionally, Defendant claimed that omissions pertaining to the software used by law enforcement misled the Magistrate Judge such that she could not accurately assess whether probable cause existed. (Dkt. No. 22 at 26.) These purported omissions include whether the software was automated, how the software operated, the purpose of the software, and whether information obtained could have been publicly available. (*Id.*)

Defendant's Motion to Suppress should be denied as none of the omissions claimed to exist by Defendant are material or were intended to mislead the Magistrate Judge. Despite Defendant's contention to the contrary, the Affidavit did address the relationship between Felipa

Gonzalez when Agent Williams stated that a check of the IP account revealed it was registered to the Starmount address in Ms. Gonzalez's name. (Affidavit at ¶ 16.) The Affidavit thus established the nexus between the illegal activity, the IP address, and the physical location to be searched. The search warrant does not need to be particularized to an individual, but to a location. Thus, law enforcement did not need to corroborate Ms. Gonzalez's residence at the address to establish probable cause. Any omission of a background check was neither deliberate nor intended to mislead the Magistrate Judge. Accordingly, this "omission" fails to meet all three prongs of the *Franks-Ortega* analysis.

Likewise, omitting whether the user actually viewed or knew the contents of the file does not invalidate this search warrant. The Affidavit states that the video file was downloaded from the IP address and then twice distributed; it does not state whether it was viewed or opened because technological limitations prevented Agent Williams from making such a determination. (Hr'g at 4:02.) Thus, the failure to address this issue is not a false statement and was not intended to mislead the Magistrate Judge. This "omission" likewise fails the *Franks-Ortega* analysis.

That no other pornographic images or video of children were found at the target IP address before the Affidavit was presented to the Magistrate Judge is material, but this alone does not warrant suppression because such a disclosure would not extinguish probable cause. *See* Section III(B)(i) *supra*. Obtaining and distributing the single video on multiple occasions were sufficient actions by the user to establish probable cause.

Next, contrary to the assertion of Defendant, Agent Williams did not omit any facts or findings as to whether the user was a collector or hoarder of child pornography. The information in Paragraph 19 of the Affidavit is a generalized profile of individuals involved in child pornography and is based on the knowledge, training, and experience of Agent Williams. This

information goes to the likelihood that evidence of a crime would be obtained upon executing a search warrant in these cases. It illustrates the basis of Agent William's belief that a collector, and a collection of child pornography, would be found at the target location. Moreover, Defendant does not dispute the truth of the statements in Paragraph 19, just that these tendencies did not apply to him at the time of the application given the facts then-known. Such a contention does not undermine the veracity of the warrant and falls outside of the auspices of the *Franks* inquiry as there is no false or misleading statement. *Ortega*, 854 F.3d at 826.

Lastly, any omissions as to the software at issue in this matter are immaterial to the probable cause analysis. Defendant contends that the Affidavit fails to address whether default settings in a user's torrent software would automatically share content with other users. (Hr'g at 3:34; 4:21.) Defendant asserts that if the software shared these files automatically, then the user did not actually take knowing, deliberate actions to share the file. (Hr'g at 3:37; 4:21.) This argument ignores the affirmative steps required by the user to both obtain the software to download and share the video as well as the deliberate actions to search, find, and obtain the actual file. (Hr'g at 3:38.) Downloading and sharing CaseyAbduction.jpg required deliberate action at multiple junctures by the user. (Hr'g at 4:02.) Had information been presented to the Magistrate Judge as to the configuration of the torrent software, it would not have altered the decision of the Magistrate Judge.

Further, the Affidavit provides substantial detail as to its functionality and the use of the investigative software. But the Defendant argues that whether the software was automated, how the software operated, the purpose of the software, and whether information obtained by the initial sweep was publicly available must have been disclosed. (Dkt. No. 22 at 26.) Defendant relies on *United States v. Thomas* for the proposition that these details must be disclosed to

present a sufficient affidavit. *United States v. Thomas*, 2013 WL 6000484, at *23 (D. Vt. Nov. 8, 2013), aff'd, 788 F.3d 345, 352 (2d Cir. 2015). This reliance is misguided as the Second Circuit, reviewing that opinion, held that the affidavit need only detail the functionality of the software. *United States v. Thomas*, 788 F.3d 345, 351 (2d Cir. 2015). *See also United States v. Dodson*, 960 F. Supp. 2d 689, 697 (W.D. Tex. 2013) (denying a motion to suppress). Here, the Affidavit sufficiently details the functionality of the software by stating what type of software it is and what information it accessed and logged. (Affidavit at ¶ 13.) The Affidavit further details the general purpose and operation of torrent software. (*Id.* at ¶¶ 47–54.) Agent Williams did not address whether the program was automated, but such omission was neither deliberate nor reckless because Agent Williams provided sufficient details regarding the functionality of the investigative software. *Thomas*, 788 F.3d at 351.

## V. Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Court **DENY** Defendant Samuel Gonzalez's Motion to Suppress Evidence (Dkt. 22).

SIGNED this __7__ day of November, 2018.

SAM S. SHELDON
United States Magistrate Judge